the court. My name is Kevin Keech. I am here on behalf of the appellant Blake Roussel. This case is complicated in both procedure and the merits. I'd like to begin by discussing some of the facts. This is a case that- Counselor, don't go too very far before you talk about jurisdiction. You've got our order, right? Yes, Your Honor. But sincerely, don't go very far before you talk about jurisdiction. We don't have jurisdiction, can't talk about jurisdiction. This is a case that involves the award of attorney's fees by a state court. If I may back up just a moment and get to the jurisdictional issues as quickly as I can. In this case, we have a minority member of an LLC who leaves an LLC and goes to work for a competitor, another LLC in which he also was a minority owner. This is a regulated industry. The person who left, Mr. Roussel, did not have a broker license. He goes to another LLC that also does not have a broker's license. This all occurs on about October of 2008. After he leaves, a few months later, he's sued by Ms. Deer and the LLC Clear Sky Properties. There is a three-day jury trial some two and a half years later. There's a outcome pursuant to a jury determination. Those jury interrogatories, not a bench opinion, are basically on two counts, breach of fiduciary duty and breach of contract. We have approximately $300,000 of damages, compensatory and punitive damages that arise out of a breach of fiduciary duty obligation. The breach of fiduciary duty obligation is not clear to at least me as somebody who's looking back at the issues. It's based on what a judge, a state court judge made a determination as to what breach of fiduciary duty was. But the attorney fees are part of the fiduciary duty violation judgment, right? When we get to the bankruptcy court review by Judge Mixon, the bankruptcy court, there is a determination that the attorney fees award that was issued by the state court after there was a jury award was predicated upon breach of contract and predicated on an operating agreement. Which your client wants to discharge in bankruptcy. Judge Mixon actually found that it was dischargeable in bankruptcy because it was predicated upon breach of contract. In this particular situation, after we have the district court who reviews the bankruptcy court's determination of dischargeability and says the $90,000 or so of attorney's fees that are awarded by the state court were ultimately dischargeable under 523A4 and 523A6 because they were predicated upon breach of contract. Which leads us back to Judge Benton's question, which goes to the jurisdictional issues. I apologize, Judge Benton. It looks like you want to ask another question. So we are now, we have an attorney fee award issued by a state court judge. The bankruptcy court makes a determination that it is dischargeable because it is based on breach of contract. The cases that the court has asked us to look at, the Budnick case, the Gravel case, and the Farmland cases, all discuss how attorney fee awards that are collateral to, incidental to the merits of a case, do not affect the finality of a particular order. In this case, Judge Wright reversed Judge Mixon and said the lion's share of the damages that were deemed dischargeable by Judge Mixon were now deemed non-dischargeable. And so all of the attorney fees issues that, when Judge Wright issued her opinion and said I'm remanding to the bankruptcy court to make a determination as to whether these particular attorney's fees are also non-dischargeable, which is the heart of, as I understand it, the jurisdictional question, the attorney's fees are merely collateral to, meaning if the court goes back and reviews those issues, the attorney's fees, if there is a difference of determination of the attorney's fees, there will be no fact inquiry. There will be, it will be driven entirely by the merits of the case. Now the original, the original judgment, state court judgment, which found that there was a fiduciary duty violated, the attorney fees in issue here were part of that original fiduciary duty violation, right? And the bankruptcy judge disregarded that, said that wasn't a fiduciary duty caught or collaterally stopped. Judge Wright said no, that's wrong. You have to look back. Now, so let's get the attorney fees in the right judgment in this discussion of jurisdiction. With all due respect, Your Honor, it is my reading that the attorney fee award by the state court judge was predicated upon a breach of contract determination. That's clear from reading the brief that was filed by... And I would direct the court's attention to the appendix in which we attached a copy of the motion and the brief that was filed by the appellees in state court that indicates that it is based upon breach of contract. Notwithstanding, so my first review is Judge Mixon got it right, that it was predicated upon a breach of contract determination. And so, you know, were the bankruptcy court to even review the issues, it would be inherently inconsistent for the bankruptcy court to then take Judge Wright's opinion and then come up with a different opinion because he already analyzed the issues. The only way Judge Mixon would come up with or would have come up with a different determination or the bankruptcy court would come up with a different determination is by looking at the merits of this particular case. So that if we go back in and have a determination, a different determination on the attorney's fees issues, we're going to be right back here with the exact same issues. The attorney's fees determination by the bankruptcy court whether dischargeable or not is driven purely by the merits of this particular case. Are the vast majority of these damages, all the breach of fiduciary duty damages, which constitute about $350,000, are those dischargeable or are they not? If they are dischargeable, the attorney's fees are dischargeable. If they are not dischargeable, the attorney's fees might be non-dischargeable according to Judge Wright's opinion. So it's our reading, the appellant's reading that the issues on attorney's fees are merely collateral to the issues that are at hand and the issues before Judge Mixon, the bankruptcy court that would review this upon remand would be ministerial in nature just like the issues in the farmland case. The judge would not recall the parties, would not take any additional testimony, would not review any of the issues, would simply make a determination as to whether the underlying attorney's fees, his original opinion, should be changed based upon Judge Wright's reversal of his legal determinations. Well, the Halleck gravel case, how do you interpret that as helping you or hurting you? It appears that it also helps us because we're looking at both the statute and the contract. And so to Judge Beam's question earlier, if Judge Mixon was making this determination, if Judge Mixon did not, for example, review the issues of attorney's fees predicated, only predicated upon breach of contract and did not look at the breach of fiduciary duty issue, it still helps because we're still dealing with at best a recognized for years that an attorney's fee determination that's collateral to an underlying merits judgment predicated upon breach of contract is still final for purposes of a merits appeal. And in the Halleck case, the court also determined that if it were based on a statute, and we have some questions about whether a statute was really involved in this particular case or not, it is also dragged into that particular issue so that in this case, even though we're looking at a determination of attorney's fees being based upon statute, it's still covered by the finality rule of the gravel case. So to the merits of this particular case, we believe the court has jurisdiction of the issues and can make a determination. The attorney's fees award does not drive the merits. The merits, however, drive any potential change in attorney's fees. Merely collateral, ministerial. In this particular... And if it's intrinsic to the judgment of the issue, that's a different story. And we're dealing with a question of jurisdiction, not the merits of your argument here. Whether we have appellate jurisdiction in this case. Yes, Your Honor. And it's the appellate's review, even if the case is cited, that this court has jurisdiction of the issues. We're dealing with a final order. And so the issues of collateral estoppel come into play. The issues of defalcation while acting in fiduciary capacity apply. The issue of willfulness and malicious come into place. And it's important for the courts to know we're dealing with a debtor in bankruptcy. And we're also dealing with the fact that this court is acting as a second court of appeal, not the first instance. This is not parties with lots and lots of money that we're dealing with. Whether those issues have any difference to the court, I call it to your attention. It is, however, important in my review of the issues for this court to understand that the attorney's fees determination is merely collateral to the underlying issues. And I'd like to reserve the rest of my time, if I may, Your Honor. You may. Ms. Gianna? May it please the court, good morning. My name is Wayne Young. I'm honored to be here this morning on behalf of the Appalachian, in this case, Clear Sky Properties, LLC, and Ms. Luann Deer. If the court would like, I'd like to comment on the jurisdictional issues as well, since that was the majority of Mr. Keech's argument. A rare instance in this case, perhaps, where I agree with Mr. Keech. I do believe this is a final order. And Judge Bean, really, your question struck at the heart of the question. And the question to me is, do the Bucinich, I apologize for butchering his name, and the Ray Hallett gravel cases, does that legal theory extend to a situation where the attorney's fees are part of the underlying debt that's in question to be discharged or not? Because in Bucinich, you had the Supreme Court said it didn't matter if the fees were part of the merits judgment or not. And then Ray Hallett gravel took that one step further and said it didn't matter if it was part of an agreement or not, as was the case in that instance. And so the question here is, does it go one step further? Is it a situation where when the fees weren't incurred as part of the litigation at issue? And that's really the heart of the matter, I believe, because the fee issue that Judge Wright remanded weren't the fees that were incurred in the litigation at issue. The litigation at issue is the dischargeability proceeding. And it's over the underlying debt, which includes a pretty significant award of attorney's fees. And so the question is, but I agree with Mr. Keech in that it is sort of collateral to the merits and the merits of the fee issue. Merits of what? Of the judgment awarded for a fiduciary duty violation, which is perhaps non-dischargeable? Correct. I think it's both. Because I think that the dischargeability of the fees, as Mr. Keech alluded to, rises and falls on the merits of the dischargeability of the fiduciary judgment damage award. But Judge Wright remanded it for a determination of whether those fees were correct. And until it goes back and those fees are deemed to be right, we do not have a final order, do we? See, that's the problem. I hear you, Your Honor. And I agree. I'd just as soon decide your case, but only if we have appellate jurisdiction. Whether or not you agree with Mr. Keech. I would rather you decide it as well, Your Honor. But I agree this is a unique question. This has been a unique case. This is a unique procedural quirk here. And like I said, in Judge Shepard's opinion in farmland, he cited the doorhole to bankruptcy matter, which was in Judge Loken's opinion, he dropped a footnote that said, even though this was an order of remand, it's still final because the remand wasn't for a further fact-based inquiry. And he seemed that that was, it was in a footnote, but he definitely relied heavily on that. And here, it's a similar situation. Judge Wright did remand it, but she only remanded it for a consideration of this, what I categorize as a collateral fee issue, that rises and the damage is judgment. And so there's not going to be any further fact-based inquiry. It's not going to affect, further judicial activity is not going to, on remand, is not going to affect the merits of the case. It's not a situation where there was a remand for a new trial or for more evidence to be taken or for more, a fact-based inquiry, as Judge Mr. Keech used the term ministerial. That's a term that's used in farmland in other cases. And I would, like I said, I believe that that's consistent with the same principle in farmland, in Wray farmland, that the court should accept jurisdiction of this as well. Like I said, it's a unique procedural twist. And I really think it comes down to, like I said, whether or not that Bucinich and Wray-Hallett gravel cases, they take it out to, it doesn't matter if the fee award is part of the merits. It doesn't matter if the fee award is part of the agreement. But the twist is, the catch is, as you alluded to in other questions, Judge Beam, is it seems to say that the fees have to be part, or they suggest that the fees are part of the litigation in question. In other words, like for instance, in our case, there were clearly related to and collateral to the breach of fiduciary duty. And you're correct, by the way, we would have gotten an attorney's fee award in the state court matter, whether there was a breach of contract claim or not. And you're exactly right on that. What if the district judge had said, we think this is non-dischargeable, but we think that the lower court that entered this made some mistakes and this judgment isn't right, so I remanded to the district court to straighten that out. Would we have appellate jurisdiction over that kind of an order? I think so. I believe so, Your Honor. And like I said, I just agree with Mr. Keech on that, that even though this is a, the best I can tell, hasn't been directly decided by this court or any others. You have the general principle that orders of remand aren't final for purposes of 28 U.S.C. 128D. But then you have Judge Shepard's opinion from Farmland, where he says they may be, in the case of Dorholt and N. Ray Vecco and others that he cited there, where they may indeed still be, there still may indeed be appellate jurisdiction even over a remand order in a situation like, in my opinion, like this, where the order that was only, the only issue that was remanded was a collateral matter that involved fees. And the fees issue is going to rise or fall on the dischargeability of the underlying, of the remainder of the debt. Because as Mr. Keech alluded to, the legal standard there is, you know, if the underlying judgment is non-dischargeable, then a corresponding fee award that was incurred as part of that debt is likewise non-dischargeable. Again, it's, like I said, I disagree with Mr. Keech that those, that the fees were awarded as part of a breach of contract. Judge Beam has alluded to that. The fee award would have attached even if the, whether there was a breach of contract claim or not. There would have been a fee award for just a straight breach of contract. If this debt, the attorney fee debt part of the case was remanded to the bankruptcy court, isn't it entirely conceivable, if not likely, that there will be another appeal? And that's when that's resolved? As with any fee issue, Your Honor, there would be that possibility. But like I said, I think that Budenich, and I'll put your... But on that appeal, it won't be, it won't be issues of how many hours were expended by the attorney and what, how do we analyze the award of attorney's fees and what rate, what hourly rate is appropriate, those kinds of things that courts deal with, with regularity as a ministerial type matter. This will be, this will be issues of dischargeability of a debt. In this case, the debt just happens to be a state court award of attorney's fees. And so, I'm just suggesting that since we can have another appeal, isn't that one of the reasons that as a jurisdictional matter, we require finality so that we can wrap these things up in one, in one proceeding instead of piecemeal? I think you made a good case there as to why, you know, there is not jurisdiction. And I, I see the court's point, and I certainly recognize the, the issue and the uniqueness of this issue in the context of this case. What I would say to that is, like I said, there is, as the court, as the Supreme Court noted in Budenich and in Ray Howlett Gravel, there always exists a possibility for a subsequent appeal and a piecemeal type appeal on the fees issue. It would, in those cases, the issue, the appeal of a fee issue would relate, like you're saying, to the, the load, was the load star appropriate? Was the fee award too much or too little? And the matters relating to the, the amount of the fee perhaps, as well as maybe even the appropriateness of the fee. But here it just so happens that instead of the amount of the fee, the issue is the dischargeability of the fee. And, you know, like I said, that definitely eludes to the merits of the remaining part of the judgment, but. Let's assume for a minute that this part of the case, this part of the debt, was not attorney's fees, but it was something else. It has a different label. It's not attorney's fees. Forget attorney's fees. Would, would you and your opposing counsel be making the same? We couldn't, Your Honor. We all, we couldn't. It doesn't fit. You're right. You're right. You're right. But on the other hand, we wouldn't have had the Boutenich and Rahalic Gravel cases to attempt to rely on either, if it were something besides attorney's fees. That's what makes, that's why the court, I'm presuming, directed us to those two cases. And again, I go back to, it seems to be just, do the principles stated in the Boutenich and Rahalic Gravel cases, do those principles extend to this situation? Whereas Judge Beams alluded to the fees incurred were fees incurred in different litigation than in the quote, litigation at issue. And that's certainly a unique, a unique question that I don't think that's open, that hasn't been answered. But under the circumstances of this case, where the dischargeability of that fee award, as Mr. Keech again has alluded to, rise and fall totally on the dischargeability of the situation of Boutenich and Rahalic Gravel. To finish up briefly on the merits a little bit, I believe Judge Wright's opinion is thorough, it's well reasoned, it's heavily, it's well cited, and just touches on all the issues in the matter that we think is appropriate for this case. Mr. Roussell, it's been stated that the literacy court is there to protect what the law calls honest but unfortunate debtors. And that characterization doesn't describe Mr. Roussell in this case as evidenced by not, by my characterization, by the characterization of the 12 of his peers in Faulkner County that summarily unanimously held him responsible for breaching his fiduciary duties to his business partner, and in an amount that was so egregious that it warranted punitive damages for a purely economic injury, which is rare. And that standard for punitive damages is relevant to both the defalcation element in 523A4 as well as the willful and malicious injury exception in 523A6, because that punitive damage instruction in the state court case required either a finding that Mr. Roussell had intended to harm his business and his business partners, which clearly would meet either standard, or he knew that his conduct was going to harm them. Whichever way you cut that, it was clearly both a defalcation and a willful and malicious injury. Mr. Keech alluded several times to his client, Mr. Roussell, leaving Clear Sky. Well, then he left Clear Sky and did something else. That's the problem here. He never left. He remained a managing member of this company with the corresponding fiduciary obligations, as Judge Wright said, before all this happened, while this was happening, and after it happened. And it's as blatant and egregious a breach of your fiduciary obligations as you could possibly have. You can't compete against your own company. You can't usurp a corporate opportunity from your own company, and that's exactly what Mr. Roussell is. He does admit that it's a violation, but he still rises, causes the violation. So I believe the court, even though I believe it's a unique question and a close question, I believe the court does have jurisdiction here, and I believe that the court should exercise that jurisdiction and affirm Judge Wright's well-reasoned opinion. With the remainder of my time, I want to address briefly the appellant's brief in this under the exception 523A4. And I believe that Judge Wright correctly identified the Hayes case from the Second Circuit and made the argument that when the cases discuss a trust or a trust relationship, that's not in the modern sense of somebody being a trustee holding property. It's a broad sense, and Judge Scott, I believe, in the Cummings case, which both parties cite to, states that there's kind of two avenues by which you can prove a fiduciary capacity, either an express trust, somebody who is a trustee of an actual express trust, or a corporate officer. And she cites Raines v. Toney and talks about that the corporate officers have duties to refrain from injuring their companies. And I believe that it's that second category that Judge, in the Cummings case, identified that's the corporate officer, a managing member of an LLC, is analogous to a corporate officer and has all the same duties. If you look at the jury instruction that the Faulkner County jury heard, the duties are identical. So we urge that this court take jurisdiction and affirm. Thank you, Your Honor. Thank you. Mr. Keech? Your Honors, I believe Judge Shepard had a very good question. I would like to page 12, which is Judge Mixon's determination on the attorney's fees award. I'd like to briefly read those issues. He made the statement that an award of attorney's fees pursuant to Arkansas Code Annotated 16-22-308, which is the breach of contract, is permissive and discretionary. The award of attorney's fees and costs in state court was based on a contract, a breach of contract, which is dischargeable in bankruptcy. Therefore, this court finds that the fees and costs awarded by the state court in the amount of $87,523.25 are dischargeable. Then we look at Judge Wright's opinion, where she makes this statement on Appellant's Addendum 37, the very end. And this is what I believe gets to Judge Shepard's question and is at the heart of the issue. Ancillary obligations, such as attorney's fees, may attach to the primary debt. Consequently, their status depends on that of the primary debt. It depends on that of the primary debt. The reason we're not going to have piecemeal litigation, the reason why, the only reason we may have a different appeal, Your Honor, is if this court dismisses this appeal, sends it back down to the bankruptcy court, the bankruptcy court comes up with whatever it has. The issues before this court dismiss this particular jurisdiction would entirely, the merits would be the exact same issue because the attorney's fees is predicated upon, is derivative of, is collateral to, is subsumed in the merits determination. But the bankruptcy judge said the underlying judgment was based upon a and it wasn't entered on the basis of a breach of contract, but rather on a fiduciary violation, which is the issue of dischargeability or non-dischargeability. The breach of contract judgment probably is dischargeable, but the issue is, is the fiduciary violation judgment dischargeable? I thought that was one of the issues. With all due respect, Your Honor, I don't believe that's what was actually embodied in the record. It may have been part of Judge Wright's determination, but the issue before the state court, which Judge Mixon, as the bankruptcy court, reviewed, was a motion for attorney's fees predicated upon Arkansas Code Annotated 16-22-308, which was based on breach of contract and a breach of the operating agreement itself. Judge Mixon's judgment? I thought the issue before Judge Mixon was the dischargeability of the state court judgment. What's your client trying to get discharged here? Judge Mixon found that all of the judge awards from a jury were dischargeable except for $1,480. There wasn't a jury in the bankruptcy court. No, there was not. It was a review of the bankruptcy court's jury instructions. And so the important issue, if I can just take one thing on the merits, before the break, two things. First, Mr. Young indicates that this is a bad faith debtor. There is a prevailing way to actually have a bad faith debtor who files bankruptcy court dismissed from a bankruptcy. It's under 707 of the Bankruptcy Code. There was no such motion ever filed in this particular case. So any statements about Mr. Roussel being in bad faith or his family being in bad faith are not well taken. The second important issue that I think is for this court to understand is when we're dealing with a breach of fiduciary duty, which was embodied as basically the Lew Holtz do-right rule, we did not have a pleading of a tort here. We didn't have usurpation of corporate opportunity or intentional interference with contractual relation. We had breach of fiduciary duty. And the breach of fiduciary duty was basically Mr. Roussel took $1,480, which was determined, and now they're trying to say that was worth $500,000. It's tantamount to someone taking $2,000 from a trust and saying, you didn't invest in Apple stock, therefore, which we would have made $100,000 on, you should give us back that money. Thank you for your argument, counsel. Thank you. Case is submitted.